

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION - Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Terry Woods, et al
_____
*Plaintiff(s)*

v.  Case No: 2019 CA 4853 B

Kathleen Hawk−Sawyer
_____
*Defendant(s)*

### NOTICE AND ACKNOWLEDGMENT OF SERVICE

To (insert name and address of the party to be served):
Kathleen Hawk−Sawyer
320 First Street, NW
WASHINGTON, DC 20534

    The enclosed summons, complaint, initial order, and any addendum are served in accordance with Superior Court Rule of Civil Procedure 4(c)(5).
    Please sign and date the Acknowledgement at the bottom of the page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, please indicate your relationship to that entity in the space beside your signature. If you are served on behalf of another person and you are authorized to receive process, please indicate your authority in the space beside your signature.
    If you do not complete and return the form to the sender within 21 days after it was mailed and you do not show good cause for this failure, you (or the party on whose behalf you are being served) will be required to pay 1) the costs incurred in serving the summons, complaint, initial order, and any addendum in any other manner permitted by law and 2) the reasonable expenses, including attorney's fees, for any motion required to collect those service expenses.
    If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days after you have signed, dated, and returned the form (or within 60 days if the party being served is the United States, the District of Columbia, or officers or employees of either). If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.
    This Notice and Acknowledgment of Receipt of Summons, Complaint, Initial Order, and Any Addendum was mailed on (insert date): 02/25/2020.

_[signature]_             02/25/2020
*Signature*                                                     *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, INITIAL ORDER, AND ANY ADDENDUM

    I (print name) _____ received a copy of the summons, complaint, initial order, and any addendum in the above captioned matter at (insert address): _____

_____    _____    _____
*Signature*                             *Relationship to Defendant/Authority*        *Date of Signature*
                                      *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828     如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ     번역을 원하시면, (202) 879-4828 로 전화주십시요



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

TERRY WOODS et al
   Vs.                                                         C.A. No.     2019 CA 004853 B
HUGH HORWITZ et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                           Chief Judge Robert E. Morin

Case Assigned to: Judge FLORENCE Y PAN
Date: 07/23/2019
Initial Conference: ██████████████████
Location: ██████████████████

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA - CIVIL DIVISION

TERRY WOODS,

    Reg. No. 22037-057
    Federal Medical Center
    P.O. Box 1600
    Butner, NC 27509,

MARSHANE WOODS,

    Reg. No. 20398-074
    Federal Medical Center
    P.O. Box 1600
    Butner, NC 27509,

ELTON BOONE,

    Reg. No. 51505-056
    Federal Medical Center
    P.O. Box 1600
    Butner, NC 27509,

    Plaintiffs,

v.

KATHLEEN HAWK-SAWYER

    Director
    Federal Bureau of Prisons
    320 First Street, NW
    Washington, DC 20534,

    Defendant.

CIVIL ACTION NO.

19 - 004853

FILED
CIVIL ACTIONS BRANCH
DEC 05 2019
Superior Court
of the District of Columbia
Washington, D.C.

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiffs Terry Woods, Marshane Woods, and Elton Boone (hereinafter "Plaintiffs") and moves this Honorable Court, pursuant to the applicable laws and rules of the District of Columbia, and the United States of America, for a declaratory judgment declaring the acts and omissions of the defendant, as described more fully below, in violation of the Constitution and laws of the District of Columbia, and the United States of America. In support there, Plaintiffs

submits as follows:

## I. INTRODUCTION

1. Plaintiffs are federal prisoners, who are currently confined at the Federal Medical Center in Butner, North Carolina, which is a penal institution owned and operated by the Federal Bureau of Prisons (hereinafter "BOP"), an agency of the United States Department of Justice (hereinafter "DOJ"). The Plaintiffs were convicted and sentenced in federal district court and thereby committed to the custody of the BOP. Thus, they are subject to the regulations, rules and policies of the BOP, which is promulgated and implemented by and through the defendant, Kathleen Hawk-Sawyer, who is the Director of the BOP. Plaintiffs claims that they are being adversely effected by the BOP's regulations, rules and policies because they do not take into account, as apart of Plaintiffs" criminal history and financial responsibility that they have satisfied taxes assessed against them, pursuant to NC Drug Tax, for their prior drug convictions. Pointedly, Plaintiffs aver that the absence of the fact that they have satisfied takes assessed against them for prior drug convictions from their BOP prison records adversely effects their eligibility and participation in the BOP's classification procedures as well as eligibility for programs and services. Accordingly, Plaintiffs seek a declaratory judgment that the omission of said facts from their prison records violates their rights as guaranteed by the Constitution and laws of the District of Columbia, and the United States of America.

## II. JURISDICTION

2. This Court has subject matter jurisdiction under the applicable statutes and laws of the District of Columbia, and the United States of America.

3. Venue jurisdiction is also founded upon the applicable statutes and laws of the District of Columbia, and the United States of America. Specifically, venue jurisdiction is proper in this Court because the defendant resides within this Court's judicial district.

## III. PARTIES

4. Plaintiff Terry Woods (hereinafter "T. WOODS") is a federal prisoner confined at the Federal Medical Center in Butner, North Carolina, an institution owned and operated by the BOP, an agency of the DOJ. T. WOODS is serving a federal sentence in the BOP as a consequence of being convicted in a federal district court. He is subject to the regulations, rules, and policies of the BOP. As such, T. WOODS criminal history and financial responsibility is assessed and used in the BOP's classification procedures as well as eligibility for program participation. Though T. WOODS has satisfied taxes assessed against him for his prior drug convictions in the State of North Carolina (hereinafter "NC") the BOP has failed to document and consider this fact in its classification, including criminal history scoring, and program participation. T. WOODS is of legal age and competent to testify to the facts stated herein.

5. Plaintiff Marshane Woods (hereinafter "M. WOODS") is a federal prisoner confined at the Federal Medical Center in Butner, North Carolina, an institution owed and operated by the BOP.

an agency of the DOJ. M. WOODS is serving a federal sentence in the BOP as a consequence of being convicted in a federal district court. He is subject to the regulations, rules, and policies of the BOP. As such, M. WOODS criminal history and financial responsibility is assessed and used in the BOP's classification procedures as well as eligibility for program participation. Thong M. WOODS has satisfied taxes assessed against him for his prior drug convictions in the State of North Carolina (hereinafter "NC") the BOP has failed to document and consider this fact in its classification, including criminal history scoring, and program participation. M. WOODS is of legal age and competent to testify to the facts stated herein.

6. Plaintiff Elton Boone (hereinafter "BOONE") is a federal prisoner confined at the Federal Medical Center in Butner, North Carolina, an institution owned and operated by the BOP, an agency of the DOJ. BOONE is serving a federal sentence in the BOP as a consequence of being convicted in a federal district court. He is subject to the regulations, rules, and policies of the BOP. As such, BOONE criminal history and financial responsibility is assessed and used in the BOP's classification procedures as well as eligibility for program participation. Though BOONE has satisfied taxes assessed against him for his prior drug convictions in the State of North Carolina (hereinafter "NC") the BOP has failed to document and consider this fact in its classification, including criminal history scoring, and program participation. BOONE is of legal age and competent to testify to the facts stated herein.

7. Defendant Kathleen Hawk-Sawyer (hereinafter "HAWK-SAWYER") is the Director of the Federal Bureau of Prisons. Her primary office is located in Washington, DC. Defendant HAWK-SAWYER is charged by the law with the custody, care and safekeeping of prisoners, including Plaintiffs, committed to the custody of the BOP by a federal district court. Defendant HAWK-SAWYER has primary responsibility for the promulgation and implementation of the BOP's regulations, rules, and policies. Defendant HAWK-SAWYER has failed in her duty owed to the Plaintiffs by her acts and

omissions that resulted in the exclusion from the BOP records the fact that Plaintiffs have satisfied their financial obligations with regard to NC Drug Tax assessed against them for their prior NC drug convictions. Defendant HAWK-SAWYER is sued in her official capacity for declaratory relief only.

## IV. FACTUAL ALLEGATIONS

8. The North Carolina Controlled Substance Tax, N.C.Gen.Stat. 105-113 imposes a special excise tax on drug dealers who illegally possess a sufficient quantity of controlled substance. The statute requires drug dealers to submit a form reporting their illegal possession and to pay tax. In return, the drug dealers are supposed to receive stamps to affix to their drugs before they are resold. Payment of the drug tax does not make possession or resale legal, however, it should come as no surprise that no drug dealer has filed a form and voluntarily paid the tax. This tax liability is assessed against drug dealers when they are arrested and are due immediately. The taxes are excessive and collection may occur immediately.

9. The NC Controlled Substance Tax has been held to be a criminal penalty requiring all of the constitutional protections afforded criminal proceedings.

10. Plaintiff T. WOODS was assessed a drug tax on his prior drug convictions occurring in the Superior Court of North Carolina, Alamance County, Nos. 86CRS8221, 86CRS8222, 86CRS8223, 86CRS8224, 86CRS8225, 86CRS8226, 86CRS8227, 86CRS8228, 89CRS8229, 86CRS8232, 86CRS8233, 93CRS10936, and 93CRS10937.

11. Plaintiff M. WOODS was assessed a drug tax on his prior drug

convictions occurring in the Superior Court of North Carolina, Alamance County, Nos. 1986CRS008236, 1986CRS008237, 1986CRS008233, 1986 CRS005234, 1986CRS005235, 93CR2370, 93CR2371, 93Cr52372, 93CR2373, 93CR2374, 94CRS1305, and 94CRS1306.

12. Plaintiff BOONE was assessed a drug tax on his prior drug convictions occurring in the Superior Court of North Carolina, Halifax County, and also North Hampton County, Nos. 94CRS1859, 94CRS1860 (Halifax), and 94CRS520 (North Hampton).

13. Upon information and belief, Plaintiff T. WOODS paid some or all of the taxes assessed against him for the cases listed in par. 10 above.

14. Upon information and belief, Plaintiff M. WOODS paid all or some of the taxes assessed against him for the cases listed a par. 11 above.

15. Upon information and belief, Plaintiff BOONE paid some or all of the taxes assessed against him for the cases listed in par. 12 above. Plaintiff BOONE was also assessed drug tax in relation to his current federal conviction and sentence.

16. Said taxes were assessed and collected in full or in part, without any due process, prior to Plaintiffs T. WOODS, M. WOODS and BOONE being convicted of the criminal offense described in par. 10, 11 and 12 above.

17. Thereafter each of the Plaintiffs were separately convicted and sentenced in a United States District Court resulting in their current commitment to the custody of the BOP.

18. Plaintiffs are subject to the regulations, rules and policies of the BOP.

19. The regulations, rules and policies of the BOP mandated an assessment of the

Plaintiff criminal history and financial responsibility.

20. Based upon this assessment, as described at par. 19 above, Plaintiffs are classified within the BOP, including scoring, program participation and housing. For example, the BOP's Security Classification and Custody Designation policy 5100.08 requires prison staff to assess the Plaintiff's prior convictions and sentences, including the compliance with those sentences and financial obligations related thereto. Also, BOP's Inmate Financial Responsibility policy 5380.08 mandates that Plaintiff compliance with financial obligations, including those related to prior state court convictions, be assessed. This policy also proscribe penalties applicable to the Plaintiffs for lack of financial responsibility.

21. Plaintiffs satisfactory completion of the NC Drug Tax assessed against them for their prior drug convictions has not and is not considered by the BOP in its assessment of their criminal history and financial responsibility.

22. Plaintiffs are adversely affected, denied access to programs and services, as a result of the BOP's failure to consider their satisfactory completion of their financial obligations, as described in par. 22 above, with regard to the BOP\s assessment of their criminal history and financial responsibility.

23. At all times mentioned herein, Defendant HAWK-SAWYER had the ability to record and consider (or cause to be recorded and considered) Plaintiffs satisfactory completion of their financial obligations for the NC Drug Tax assessed against them for their prior NC drug convictions in the BOP's assessment of their criminal history and financial responsibility.

24. At all times mentioned herein, Defendant HAWK-SAWYER failed in her responsibility to record and consider (or cause to be recorded and considered) Plaintiffs satisfactory completion of their financial obligation for the NC Drug Tax assessed against them for their prior NC drug convictions in the BOP's assessment of their criminal history and financial

obligation.

25. At all times mentioned herein, Plaintiffs were deemed ineligible for the BOP's programs and services because of Defendant HAWK-SAWYER failure to record and consider (or cause to be recorded and considered) Plaintiffs satisfactory completion of the NC Drug Tax assessed against them for their prior NC drug convictions in the BOP's assessment of their criminal history and financial obligations.

V> LEGAL CLAIMS

26. Plaintiffs T. WOODS, M. WOODS, and BOONE asserts that the acts and omissions by Defendant HAWK-SAWYER, as described herein, deprives them of the rights and privileges guaranteed to them by the Constitution of the District of Columbia and the United States of America.

27. Plaintiff T. WOODS, M. WOODS, and BOONE asserts that the acts and omission of Defendant HAWK-SAWYER, as described herein, deprived them of their rights and privileges as guaranteed by the statutes and laws of the District of Columbia and the United States of America.

## VI. RELIEF REQUESTED

WHEREFORE Plaintiffs asks this Honorable Court to:

(a). Grant them a declaratory judgment that the acts and omissions of Defendant HAWK-SAWYER in failing to record and consider (or cause to be recorded and considered) their satisfactory completion of their financial obligation for the NC Drug Tax assessed against them inn relation to their prior NC drug convictions in the BOP's assessment of their criminal history and financial responsibility violates their rights and privileges under the Constitution, statutes and laws of the District of Columbia and the United States of America;

(b). Grant them a declaratory judgment the the NC Drug Tax assessed against them violates their rights and privileges as guaranteed by the Constitution, statutes, and laws of the District of Columbia and the United States of America; and

(c). Any further and different relief this Court deems just and proper.

Respectfully submitted,

_____
Terry Woods

_____
Marshane Woods

_____
Elton Boone

Dated: July 16, 2019



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

_Terry Woods, et al_
Plaintiff

vs.

_Kathleen Hawk-Sawyer_
Defendant

Case Number 2019 CA 004853 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Terry Woods_
Name of Plaintiff's Attorney

_Federal Medical Center_
Address
_P.O. Box 1600_
_Butner, N.C. 27509_
Telephone

Clerk of the Court

By _____

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202)879-4828
번역을 원하시면,(202) 879-4828로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia
## CIVIL DIVISION
**500 Indiana Ave., N.W., Rm—JM-170**
**Washington, D.C.   20001**

|         |   |                  |
|---------|---|------------------|
| *Plaintiff* | } |                  |
| vs.     | } | Civil Action No. _____ |
| *Defendant* | } |                  |

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

_____
_____
_____
_____
_____
_____
_____

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | | |

Form CV(6)-451 / Dec. 91                                   2-0881  wd-155