## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRY WOODS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1152 (TFH) |
| | ) | |
| KATHLEEN HAWK-SAWYER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss.  For the reasons discussed below, the motion will be granted.

I. BACKGROUND

Terry Woods, Marshane Woods and Elton Boone ("Plaintiffs") are federal prisoners in the custody of the Federal Bureau of Prisons ("BOP") and designated to the Federal Medical Center in Butner, North Carolina.  First Amended Complaint (ECF No. 1-1, "Am. Compl.") ¶¶ 4-6.  Each has been convicted of drug-related offenses in the state of North Carolina.  *See id.* ¶¶ 10-12.

Plaintiffs explain that the North Carolina Controlled Substance Tax is "a special excise tax on drug dealers who illegally possess a sufficient quantity of controlled substance."  *Id.* ¶ 8.  Ordinarily, a drug dealer is expected "to submit a form reporting [his] illegal possession and to pay tax," and he is issued "stamps to affix to [his] drugs before [the drugs] are resold."  *Id.*  "Payment of the drug tax does not make possession or resale legal, however," and Plaintiffs state "that no drug dealer has filled a form and voluntarily paid the tax."  *Id.*  Instead, a tax liability is assessed upon a drug dealer's arrest and that amount is due immediately.  *Id.*  Plaintiffs all have

been assessed a drug tax, *see id.* ¶¶ 10-12, and allegedly have paid some or all of the tax assessed, *see id.* ¶¶ 13-16.

BOP regulations require "assessment of the Plaintiff[s'] criminal history and financial responsibility," *id.* ¶ 19, to include state court convictions, *see id.* ¶ 20.  Such assessments affect their custody levels and program participation.  *See id.*  BOP's regulations do not take into account the "satisfactory completion of the [North Carolina] Drug Tax assessed against them." *Id.* ¶ 21.  For this reason, Plaintiffs contend that they are "denied access to programs and services, as a result of the BOP's failure to consider their satisfactory completion of their financial obligations."  *Id*. ¶ 22; *see id.* ¶ 25.

Plaintiffs bring this action against Kathleen Hawk-Sawyer ("Defendant"), BOP's Director, in her official capacity.  *See id.* ¶ 7.  They allege that Defendant "failed in her responsibility to record and consider . . . Plaintiffs['] satisfactory completion of their financial obligation . . . for their prior [North Carolina] drug convictions," *id.* ¶ 24, and that, as a result, Plaintiffs are deprived of rights and privileges to which they are entitled under the Constitution of the United States and under District of Columbia and federal law, *see id.* ¶¶ 26-27.  They demand a declaratory judgment.  *See id.* at 12 (page number designated by ECF).

On December 5, 2019, Plaintiffs filed their amended complaint (ECF No. 1-1) in the Superior Court of the District of Columbia.  Defendant removed this matter (ECF No. 1) under 28 U.S.C. § 1442 on May 4, 2020.  On July 14, 2020, Defendant filed a motion to dismiss the amended complaint (ECF No. 6) on two grounds: that this Court lacks subject matter jurisdiction and, alternatively, that the pleading fails to state a claim upon which relief can be granted.

The Court issued an Order (ECF No. 7) on July 15, 2020, directing Plaintiffs to file their opposition or other response to Defendant's motion by September 15, 2020.  The Order warned Plaintiffs that, if they failed to file a timely opposition, the Court may treat the motion as conceded, dismiss their complaint for failure to prosecute, or rule on the motion based on Defendant's arguments alone.  To date, Plaintiffs have not filed an opposition.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(1)

#### 1. Legal Standard

"Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Each Plaintiff bears the burden of demonstrating that this Court has jurisdiction over his claims.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  "If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim."  *Cofield v. United States*, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)).

#### 2. Derivative jurisdiction

"The derivative-jurisdiction doctrine arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated."  *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007).  "The term 'State court' includes the Superior Court of the District of Columbia."  28 U.S.C. § 1442(d)(6).  The Supreme Court instructs:

> The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).  This Court's "threshold determination is whether, prior to removal, the Superior Court . . . had jurisdiction the subject matter" of Plaintiffs' lawsuit.  *McKoy-Shields v. First Washington Realty, Inc.*, No. 1:11-CV-1419, 2012 WL 1076195, at *2 (D.D.C. March 30, 2012).

Defendant construes, as does the Court, Plaintiffs' demand for amendment or correction of records maintained by the BOP as a claim properly brought under the Privacy Act, *see* 5 U.S.C. § 552a.  Generally, "the Privacy Act regulates the collection, maintenance, use, and dissemination of information about individuals by federal agencies."  *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008).  A covered federal agency must "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).  An individual may request access to and amendment of an agency's records about him.  *See* 5 U.S.C. § 552a(d).  There is a civil remedy where the agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C).  Plaintiffs' complaint reasonably can be construed as alleging that Defendant failed to maintain inmate records with the requisite level of accuracy and

completeness, and as a consequence, BOP made adverse determinations with respect to Plaintiffs' custody, program participation, and housing.

But "the district courts of the United States," not the Superior Court of the District of Columbia, "shall have jurisdiction in the matters under the [relevant] provisions of [the Privacy Act]."  5 U.S.C. § 552a(g)(1).  Because Plaintiffs filed their complaint in the Superior Court, which did not have jurisdiction over their Privacy Act claim, "this Court cannot 'acquire' jurisdiction after removal, even if Plaintiff[s] could have filed [their] complaint in federal court in the first instance." *Cofield*, 64 F. Supp. 3d at 214.   Absent derivative jurisdiction, the Court must dismiss Plaintiffs' amended complaint. *See Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014).

B. Dismissal Under Rule 12(b)(6)

1. Legal Standard

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When a party invokes Rule 12(b)(6) to challenge a complaint for failing to state a claim for relief pursuant to Rule 8, the Court must assess the complaint to determine whether it contains sufficient facts that, when accepted as true, evidence a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*.  A court must treat the complaint's factual

allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555.  But a court need not

accept as true legal conclusions set forth in a complaint. *Iqbal*, 556 U.S. at 678.  "In determining

whether a complaint states a claim, the court may consider the facts alleged in the complaint,

documents attached thereto or incorporated therein, and matters of which it may take judicial

notice." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006).

### 2. Privacy Act Claims

Even if Plaintiffs' Privacy Act claims were properly before the Court, Defendant argues,

their claims are not viable.  *See* Def.'s Mem. at 7-8.  An agency's Privacy Act obligations "are

not absolute." *Meyer v. Fed. Bureau of Prisons*, 940 F. Supp. 9, 13 (D.D.C. 1996).  Relevant

here is the BOP's authority, *see* 5 U.S.C. § 552a(j), to exempt certain systems of records from

the Privacy Act's amendment, accuracy and damages provisions, *see* 5 U.S.C. §§ 552a(d), (e)(5),

(g).

Defendant presumes that the records Plaintiffs seek to amend or correct are maintained in

the Inmate Central Records System, *see* Def.'s Mem. at 9, and correctly notes that the Inmate

Central Records System is exempt from the Privacy Act's amendment provision, *see* 28 C.F.R. §

16.97(j) (exempting Inmate Central Records System (JUSTICE/BOP-005) from 5 U.S.C. §

552a(d), and (e)(5), among other subsections).  Insofar as Plaintiffs demand amendment or

correction of such records, their claim fails.  *See Skinner v. U.S. Dep't of Justice & Bureau of

Prisons*, 584 F.3d 1093, 1096 (D.C. Cir. 2009) ("As the district court found, as our precedents

make clear, and as amicus acknowledged at oral argument, that exemption [from 5 U.S.C.

6

§ 552s(d)] prevents us from ordering the amendment of an inmate's records."); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming dismissal of Privacy Act claims against the BOP, which had "exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)); *Harrison v. Fed. Bureau of Prisons*, 248 F. Supp. 3d 172, 181 (D.D.C. 2017) ("The Court . . . must join numerous other courts in holding, as a matter of law, that the Privacy Act subsections (d)(1), (e)(5), (f), and others afford inmates and former inmates no cause of action regarding such records."); *Earle v. Holder*, 815 F. Supp. 2d 176, 181- 82 (D.D.C. 2011) ("It is settled that inmate records maintained by BOP, including presentence reports, have been exempted from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)) and from its damages provision (subsection (g)).").[1]

### 3. Fifth Amendment Claim[2]

Plaintiffs do not specify which provisions of the Constitution pertain to their claims and the particular rights and privileges Defendant allegedly has denied them.  Presumably Plaintiffs attempt to assert a due process claim under the Fifth Amendment to the United States Constitution, and to do so, they "must identify the denial of a liberty interest."  *James v. Reno*, 39 F. Supp. 2d 37, 40 (D.D.C. 1999) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)), *aff'd*, No. 99-5081, 1999 WL 615084 (D.C. Cir. July 2, 1999).  Prisoners have no liberty interest in their place of incarceration, however.  *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (concluding "that

---

[1]   Defendant represents that "the BOP's records confirm that each Plaintiff satisfied his financial obligations ten or more years ago."  Def.'s Mem. at 10; *see also id.*, Exs. 1-3.

[2]   Plaintiffs do not identify the provisions of District of Columbia law on which they rely.  This is of no moment, because as federal prisoners, District of Columbia does not appear to apply to them.

an interstate prison transfer, including one from Hawaii to California, does not deprive an inmate

of any liberty interest protected by the Due Process Clause in and of itself"); *Banks v. York*, 515

F. Supp. 2d 89, 109 (D.D.C. 2007) (rejecting detainee's claim that he was entitled to placement

at Correctional Treatment Facility rather than at the D.C. Jail where conditions were more

restrictive).  Nor do prisoners have a right to a particular security classification or program

participation.  *See Way v. Johnson*, 893 F. Supp. 2d 15, 23 (D.D.C. 2012) (finding that prisoner

had no "protected liberty interest in participation in a particular program"); *James*, 39 F. Supp.

2d at 40 (rejecting argument that "that mandatory language in Bureau of Prisons' regulations

governing security classifications creates a liberty interest in their application to" plaintiff);

*Meyer v. Reno*, 911 F. Supp. 11, 16 (D.D.C. 1996) (because prisoner had "no protected liberty

interest in obtaining or maintaining a particular security classification," he "fails to state a

cognizable claim with respect to the alleged failure to enroll him in a program that would result

in his incarceration at a lower security level").

III. CONCLUSION

   The Court concludes that it lacks jurisdiction over Plaintiffs' Privacy Act claims, and

therefore, defendant's motion to dismiss for lack of jurisdiction is granted.  And even if this

Court had jurisdiction, dismissal is warranted because Plaintiffs' amended complaint fails to

state Privacy Act claims upon which relief can be granted.  An Order is issued separately.


                                              _____
                                              THOMAS F. HOGAN
DATE:  October 20 , 2020                       United States District Judge